IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE, FOR RASC 2006-EMX5, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:22-cv-798 |
| OHIO GRAVY BISCUIT, INC., an Ohio Corporation, as TRUSTEE FOR THE LOVE BIRD 218 LAND TRUST, | § § § § § | |
| *Defendant*. | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

U.S. Bank Trust National Association, as Trustee for RASC 2006-EMX5 ("U.S. Bank"), Plaintiff, files this suit complaining of Ohio Gravy Biscuit, Inc., an Ohio Corporation, as Trustee for the Love Bird 218 Land Trust ("Gravy Biscuit") and states as follows:

### I.   PARTIES

1.   Plaintiff U.S. Bank Trust National Association, as Trustee for RASC 2006-EMX5, is the mortgagee of the loan agreement secured by the Property made subject of this suit, as that term is defined in Tex. Prop. Code §51.0001(4).

2.   Defendant Ohio Gravy Biscuit, Inc., an Ohio Corporation, as Trustee for the Love Bird 218 Land Trust is an Ohio Corporation whose address is 9090 Skillman St., #182A-352, Dallas, Texas 75243, and may be served with process by serving its registered agent Kenneth Harter at 5080 Spectrum Drive, Suite 1000-E, Addison, Texas 75001, or at such other place as she may be found. Summons is requested.

## II. DIVERSITY JURISDICTION

3. The Court has jurisdiction over the controversy because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §1332.

4. Plaintiff U.S. Bank is acting as Trustee Legal Title Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Certificates, Series 2006-EMX5. U.S. Bank is a national banking association organized under federal law. U.S. Bank's citizenship is determined by the location of its main office as set forth in its articles of association. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Under its articles of association, Plaintiff's main office is located in Ohio. Therefore, Plaintiff is a citizen of Ohio for diversity purposes. *U.S. Bank N.A. v. Alliant Energy Res. Inc.*, No. 09-cv-078-bbc, 2009 WL 1850813, at *1 (W.D. Wis. June 26, 2009) ("…U.S. Bank National Association is a citizen of Ohio.").

5. Defendant Gravy Biscuit is incorporated under the laws of Ohio. As such, Gravy Biscuit is a citizen of Ohio.

6. In this lawsuit, Plaintiff seeks to quiet title and/or remove a cloud on title to real property created by Gravy Biscuit. Plaintiff's lien interest, which has been impaired by Gravy Biscuit's actions, secures a home loan in excess of $150,000.00. Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

## III. VENUE

7. Venue is proper in the United States District Court for the Eastern District of Texas, Sherman Division, because this lawsuit concerns title to real property located in Collin County, Texas. *See* 28 USC §124(d)(1), 1391(b)(2).

## IV.     FACTUAL BACKGROUND

8. On March 31, 2006, Boutang Vongprachanh and Sinakhone Vongprachanh obtained a home loan in the amount of $184,000.00. The original lender under the note was Mortgage Lenders Network, USA, Inc. DBA Lenders Network. The note is secured by a deed of trust recorded in the real property records of Collin, County, Texas as Instrument No. 200604000436780.[1] The deed of trust pledges real property commonly known as 218 Love Bird Lane, Murphy, Texas 75094 (the "Property") as security for the note.

9. On May 9, 2011, the deed of trust was assigned by the original lender to U.S. Bank, National Association, as Trustee for RASC 2006-EMX5. The assignment is in the real property records of Collin County, Texas as Instrument No. 20110623000647620.[2]

10. The Property is also subject to the Declaration of Covenants, Conditions & Restrictions for Murphy Farms ("HOA Declaration"). The HOA Declaration, which creates an assessment lien securing the homeowner's obligation to pay homeowner's association dues, was recorded in the Official Public Records of Collin County, Texas at Instrument No. 20000321000270440.

11. The Vongprachanhs failed to pay certain Association assessments, and the Association foreclosed its subordinate assessment lien on April 3, 2018. Gravy Biscuit was the highest bidder at the Association's foreclosure sale and purchased the Property for $13,900.00. An Assessment Lien Deed was recorded in the Official Public Records of Collin County, Texas under Instrument No. 20180405000421750 (the "Assessment Lien Deed")

12. In attempting to strip off superior lien interest(s) in the Property, Gravy Biscuit filed a lawsuit in Collin County, Texas under Cause No. 366-02457-2022. Therein, Gravy Biscuit

---

[1] *See* Exhibit A.
[2] *See* Exhibit B.

purportedly served <u>another mortgagee</u> (holding second note secured by a second lien deed of trust in the Property) with process and thereafter took a default judgment.

13.     Specifically, the second lien deed of trust is recorded in the real property of Collin County, Texas as Instrument No. 20060404000435780. The beneficiary under the second lien deed of trust, as reflected in the real property records, is U.S. Bank National Association, as Trustee for RASC 2006 **EMX6**. (emp. added).

14.     U.S. Bank National Association, as Trustee for RASC 2006-**EMX5** (emp. added) was never made a party to the prior state court proceeding. Despite Plaintiff (EMX5) being uninvolved in the prior lawsuit, Gravy Biscuit took a judgment that purports to terminate, discharge, and render unenforceable Plaintiff's first lien deed of trust in the Property in addition to the deed of trust lien held by EMX6.³

15.     The judgment taken by Gravy Biscuit was taken against Plaintiff (as trustee for EMX6) without notice or service and is therefor constitutionally infirm. The "[f]ailure to give notice violates 'the most rudimentary demands of due process of law.'" *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896 (1988) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). In light of *Peralta,* the Texas Supreme Court held in *PNS Stores* that "a judgment may also be challenged through a collateral attack [as opposed to only a bill of review] when a failure to establish personal jurisdiction violates due process." *PNS Stores, Inc. v. Rivera,* 379 S.W.2d 267 (Tex. 2012).

16.     While second lienholder EMX6 could certainly bring a bill of review in Texas state court to challenge the improper default judgment against it, Plaintiff herein (EMX5) was not a party to that litigation and can collaterally attack the prior judgment in this litigation given the

---

³ *See* Exhibit C.

denial of Plaintiff's due process rights. In fact, Gravy Biscuit is similar in nature to other single purpose entities that seek to buy real property at HOA sales, there after attempting to strip off senior liens through questionable litigation. Parties like Plaintiff are not bound by those errant judgments and can attack them collaterally. The Dallas Court of Appeals recognized as such in *Kingman Holdings, LLC* when the court stated,

> **A nonparty can collaterally attack an existing judgment if the judgment directly and necessarily affects the nonparty's rights**. *TFHSP Series LLC v. MidFirst Bank*, No. 05–14– 00730–CV, 2015 WL 4653166, at *3 (Tex. App.– Dallas Aug. 6, 2015, no pet.) (mem. op.). "**For example, if a judgment deprives a creditor of its lien but the creditor was not joined in the suit, the creditor can collaterally attack the judgment to protect its interest in the property**." *Id.*; *see also Sec. State Bank & Trust v. Bexar Cty.*, 397 S.W.3d 715, 721– 24 (Tex. App.– San Antonio 2012, pet. denied). …After the expiration of the time to bring a direct attack, a litigant may only attack a judgment collaterally. *PNS Stores, Inc.*, 379 S.W.3d at 272.

*Kingman Holdings LLC v. MERS Corp.,* 2016 WL 8115937, *5 (Tex. App. – Dallas 2016)(emp. added).

## V. CAUSES OF ACTION

**A.    Suit to Quiet Title**

17.    Plaintiff seeks to quiet title to the Property in light of Gravy Biscuit's errant actions. The elements of the cause of action to quiet are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See, U.S. National Bank Association v. Johnson,* 2011 WL 6938507 at *3 (Tex. App.-Houston [1st Dist.] 2011, no pet.).

18.    Although appearing on its face to be valid, the default judgment obtained by Gravy Biscuit is invalid and/or unenforceable as to Plaintiff. Plaintiff was not a party to the litigation in which the judgment rendered and cannot be bound by it. The judgment purports to invalidate

Plaintiff's deed of trust lien in the Property. Plaintiff's deed of trust lien is in all things superior to Gravy Biscuit's interest in the real property obtained through the foreclosure of a junior lien.

19. Plainly stated, a suit to quiet title exists for parties like Plaintiff, to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right. A cloud on title exists herein given Gravy Biscuit's errant judgment, while appearing valid on its face, is in fact invalid as to Plaintiff and affects or impairs Plaintiff's lien interest in the Property.

20. Plaintiff has been damaged by Gravy Biscuit's conduct, at least in the in the amount of $150,000.00, such amount being below the current payoff of the note held by Plaintiff and secured by Plaintiff's deed of trust covering the Property. Further, Plaintiff has been forced to retain the undersigned counsel for which Plaintiff also seeks the recovery of its attorney's fees.

## VI.   CONCLUSION

Plaintiff requests that Defendant be cited to appear and answer, and that Plaintiff have judgment against Defendant:

a. quieting title in Plaintiff in declaring that Gravy Biscuit's default judgment is invalid as to the validity of Plaintiff's deed of trust lien;

b. that Plaintiff's deed of trust lien is a valid encumbrance against the Property, the same being superior to Gravy Biscuit's title interest in the Property;

c. that Plaintiff's deed of trust lien is a foreclosable lien which is superior to Gravy Biscuit's interest(s) in the Property;

d. Attorneys' fees and costs of suit; and

e. Such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
RobertFO@bdfgroup.com

Mark D. Hopkins
State Bar No. 00793975
HOPKINS LAW, PLLC
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
mark@hopkinslawtexas.com

**ATTORNEYS FOR PLAINTIFF**